plaintiff, to permit them to enforce their claim for services, where their rights in collecting their compensation from the assignor were not prejudiced.

Appeal from City Court of New York, Special Term.

Application by Wilbur C. Goodale and others to set aside satisfactions of judgment and to permit the issuance of execution for payment of services and attorney's liens. From an order denying the application, petitioners appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Goodale, Files & Reese, for appellants.
Isidore Hershfield, for respondents.

BISCHOFF, J. Granting that the settlement of the actions and the satisfaction of the judgments by the nominal plaintiff was a fraud upon his assignor, and that there is a fair suggestion of bad faith upon the defendants' part, still the denial of the application to set aside the settlement made at the instance of the plaintiff's attorneys of record was a proper exercise of discretion. The papers before the court below left no doubt of the fact that these attorneys were retained by and performed their services for the plaintiff's assignor, whose solvency was undisputed and against whom their actual claim for compensation existed and still exists. It may well be that this assignor, Fusco, was hardly treated, and, of course, if there was a collusive settlement in actual fraud of his rights, he has his remedy against the defendant; but the attorneys are in no position to insist upon the protection of their lien by summary order, since the fact of prejudice of their rights in the matter of collecting payment for their services, an element essential to the application (Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53) does not exist.

Order affirmed, with $10 costs and disbursements. All concur.

---

## WALSH v. RICHMOND LIGHT & R. CO.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. DAMAGES—EVIDENCE WITHIN COMPLAINT.

A complaint which specifies several parts of the body in which plaintiff was injured, and adds the phrase "and other parts of her body," is sufficient to admit evidence of derangement of and blood clots in the uterus, and dizziness as caused by the injuries.

2. CARRIERS—INJURIES TO PASSENGER—EVIDENCE.

In an action against a street car company for injuries to a passenger, resulting from a trench in the street at which a car was negligently stopped, evidence that the trench was not dug by defendant, but by a gas company, is immaterial.

Appeal from Trial Term, Richmond County.

Action by Charlotte W. M. Walsh against the Richmond Light & Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Appeal by the defendant from a judgment for the plaintiff entered upon a verdict of a jury rendered at the Richmond Trial Term.

This is an action for damages for negligence by a street car company. The injuries are alleged by the complaint as follows:

"Plaintiff was greatly bruised, wounded and injured in her eyes, head, spine, side, back, shoulders, heart, arms and other parts of her body, and her nervous system was greatly shocked, from which injuries she became and continues to be sick, sore, lame and disordered, and suffered and still suffers great pain and distress; that by reason thereof she lost ten pounds in weight within the period of two weeks thereafter, and was unable to sleep on account of the pains; that progressive deterioration of her eyesight developed therefrom and continued, and that said injury to her eyes is, as she is informed and believes, permanent."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John J. Kenney, for appellant.

Frank W. Hubby, Jr., for respondent.

GAYNOR, J. The car was stopped on the plaintiff's request to let her off. Instead of stopping at the crossing, it went beyond. There was a trench alongside the track five or six feet deep and about three feet wide. It had been dug about a week before. At the crossing the trench was boarded over. It was a dark place. The plaintiff stepped from the car step right into the trench and fell to the bottom of it.

The principal point of the appellant is that it was error to permit the plaintiff to prove derangement of and blood clots in the uterus and dizziness as caused by the accident, on the ground that they were not embraced in the complaint. But the complaint not only specifies several parts of the body in which the plaintiff was injured, but adds the general and comprehensive phrase, "and other parts of her body." Where a complaint specifically enumerates certain injuries only, it excludes all other injuries, but when instead of so limiting it alleges injuries in general terms it includes all injuries. The complaint here by its general allegation embraced all of the plaintiff's injuries, and hence all of the consequences that would naturally ensue from them. The plaintiff had a hemorrhage of the womb from her injuries the night of her hurt, and it was proper to trace the injury to her womb through all of its subsequent course. And it is difficult to see why it is objected that evidence of dizziness from the injury to the head was not relevant and material. It was not error to exclude as immaterial evidence that the trench was not dug by the defendant but by a gas company, for without dispute the defendant's employés knew it was there, and therefore their duty of care in respect of it was the same as though the defendant had dug it.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.